## DAYTON LOOP & CRUPPER CO. v. RUHL et al.

(Circuit Court, N. D. Ohio, W. D.    April 15, 1893.)

### No. 1,022.

1. PATENTS—PATENTABILITY—LACK OF NOVELTY—CRUPPER MACHINES.

The fourth claim in letters patent No. 238,446, issued to Joseph Shafer, March 1, 1881, for a process of, and machinery for, making cruppers for harness, is "for a clamping and bending lever provided with a gutter and channel, and carrying a stretching plate, whereby the crupper is given its final shape." Held, that the claim is without patentable novelty, as the device of the recessed stretching plate is a common one in the history of the general art of leather stretching and forming, and as it has long been known that leather, when wet, may be stretched in any former so that, when dry, it will retain the shape given it in the former.

2. SAME—ACTION FOR INFRINGEMENT—EVIDENCE.

In an action for infringement of the patent, evidence introduced by defendants as to the use of such formers in the saddlery business, for making cruppers, before the date of plaintiff's patent, was admissible, as illustrating the state of the art, though the particular cases of such use were not mentioned in defendants' answer.

In Equity.    Bill by the Dayton Loop & Crupper Company against Ruhl Bros. to enjoin the infringement of letters patent No. 238,446, issued March 1, 1881, to Joseph Shafer, and for damages.    Bill dismissed.

H. A. Toulmin, for complainant.
James Moore, for respondents.

TAFT, Circuit Judge.    This is a suit in equity to restrain the infringement of a patent, and for damages. The defenses are want of novelty, nonpatentability, and noninfringement. The patent sued on was conveyed to the complainant by Joseph Shafer, the original patentee, and was for an improvement in the process of, and machinery for, making leather cruppers for harness. The process consists in first pressing or swaging or stretching the leather to be used, in a die, to give it the proper form; then trimming the edges, while stretched in the die, which serves as a die for the cutting tool; then laying it over the mandrel or male die; then filling the tube with proper filling matter, such as flax seed; and finally bend-

ing and stretching the filled crupper to its proper shape in a clamping former.

The only part of the process in respect to which the infringement is claimed is the final bending and stretching of the filled crupper to its proper shape in the clamping former. Before the crupper is subjected to the former, it is a tube curved like a horseshoe. The former involved in this suit is used to impart to the crupper the permanent curves in its arms, which fit them to the back of the horse, just in front of the tail, and make them bend down so that the thick or back part of the crupper will rest comfortably under the tail. The process is described in the specifications as follows:

"The crupper is now ready to bend to the shape shown in Fig. 6, (that is, the final shape,) and I employ the device represented in Figs. 4 and 5, which consists of a lever arm, L, pivoted in bearings, M, extending from a base plate, N. The rear end of the arm, L, is connected to a treadle, O, by a link, P, as represented. The front end of the lever, L, is enlarged, and has a channel or gutter, f', formed in it to receive the crupper, the loop of which is slipped under the lever until it rests in the channel, f', and its ends are then brought up along the sides of the lever in the channel, and are clamped on a recessed sliding plate, R, by a screw, h, carrying a serrated jaw, I, as shown. The front end of the plate, R, is bent down, and has a threaded aperture in it to receive a thumbscrew, j, whose inner end is recessed in the end of the lever, as represented. By turning the screw, j, the crupper is stretched and bent so as to lie closely to the channel, f'; and, to prevent its slipping, I form a recess, l, in the base plate, to receive the upper portion of the loop of the crupper, which is clamped by pressing with the foot upon the treadle, O, and thus prevented from slipping while being bent and stretched."

The fourth claim, which is the only one relied on, is:

"(4) In a machine for the manufacture of leather cruppers, the clamping and bending lever, L, provided with a gutter or channel, f, and carrying a stretching plate, R, whereby the crupper is given its final shape, substantially as specified."

The tool of the defendants is quite like the former described in the complainant's patent, except that there is no lever, treadle, and base plate with a recess by which the thick part of the crupper is clamped, and prevented from slipping out of the forming channel.

The first question arises on the proper construction to be given to the claim. It is contended for complainant that though the claim is for clamping and bending lever, L, it only refers to that end of the lever in which the forming channel is cut, and the clamping screw and recessed sliding plate are fixed, i. e. the part of the lever at one side of the fulcrum. If the claim includes, not only that part, but the other end of the lever, together with the base plate and the link and the treadle, then the defendants do not infringe; but if the claim is wider than this, as contended for by the complainant, the infringement is quite clear.

My impression is that the words, "clamping and bending lever, L," in the claim, indicate that the patentee intended thereby to describe a lever which was capable of not only bending the leather, but of clamping it in the channel by the means described,—that is, with the link and treadle; otherwise, it would not be a lever at all, but would be described simply as a former. It could not act as a lever

unless it were attached to the base plate. It could not clamp without the base plate and treadle. But it is not material whether this is the correct view or not, for I am quite clear in the opinion that the claim, as construed by complainant, for a mere former, with a recessed stretching plate, is a claim for a device which contains no patentable novelty. It has long been known that leather, when wet, may be stretched in any former so that, when dry, it will retain the shape given it in the former. The device of the recessed stretching plate is a very common one in the history of the general art of leather stretching and forming. A number of very similar devices in the shoemaking and currier trade were produced. It does not require invention to prepare a former or mold which shall produce a given shape in the material to be formed or molded. It is not the inventive, but only the imitative, faculty which is involved in producing such a tool. This is fully established by the authorities. In Mahon v. Manufacturing Co., 61 O. G. 1015, 51 Fed. Rep. 681, Judge Blodgett decided that a patent for a bending block, consisting of a block or former adopted to the bending or shaping of the loop in guide rods for grain-car doors, was void for want of patentable invention. He said:

"It seems to me nothing can be more obvious than that only mechanical skill is called into action in making a core or former, around which an iron rod is to be bent to bring it to some desired shape. The shoemaker bends his leather around the last to adapt it to the wearer's foot. The farmer bends a tough, flexible piece of wood around a former shaped like the neck of his ox to make an oxbow for his yoke."

And in the well-known Bretzel Case, (Butler v. Steckel, 137 U. S. 21, 11 Sup. Ct. Rep. 25,) the supreme court approve Judge Blodgett's language in the court below, which was as follows:

"It is true, I doubt not, that it requires considerable mechanical skill to make a die which would cut a bretzel from dough so as to imitate a hand-made bretzel, because a hand-made bretzel is somewhat clumsily shaped, as the parts are bent, twisted, and laid upon each other, and it is undoubtedly a matter requiring some study, effort, and experiment to make the shape of the die correspond to the external formation of the bretzel. This, however, seems to me not to involve invention, but merely mechanical skill. A cutter might be compelled to experiment some,—that is, cut several dies,—but that is not invention."

In this case the patentee did not invent the crupper. The form was a well-known one. He knew, also, that leather would retain its shape in bending when wet. What he had to do was exactly what the shoemaker has to do when he stretches leather upon the last, and that is all that he did.

A question was made about the right of the defendants to introduce evidence as to the use of such formers in the saddlery business for making cruppers before the date of the patent, and objection was made to the use of the evidence on the ground that the particular cases of such use were not mentioned in the answer. None of the cases testified to showed the exact device here in question, but they were relevant as illustrating the state of the art. In my view of the case, it is not necessary, in order to make the evidence rele-

vant, to have an amendment filed, and leave for the same will not, therefore, be granted.

It should be said that there were two patents produced for forming the horse collar, which involved all the elements present in defendants' tool, and in the fourth claim of the patent as construed by the complainant. Each had the stretching apparatus and the forming channel.

For the reason, therefore, that the claim, as it must be construed in order to make defendants' device an infringement, is void for want of novelty and invention, the bill will be dismissed.